UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DANIEL JONES,

                Plaintiff,

v.                                    **DECISION AND ORDER**
                                          20-CV-1417S

ANNIE MANE McGRATH, *Deputy Comm'r*,
JOSEPH FRANCHINI, *Assistant Comm'r*,
GREGORY SMITH, Sergeant,
JAMES THOMPSON, *Superintendent*,
FRANCIS DOUGHERTY, *Correction Officer*,
P. ZACCAGNINO, *Deputy Superintendent*,
CATE, *Correction Officer*,
ANTHONY J. ANNUCCI, *Comm'r,*
JOHN GRANEY, *Correction Officer*,
MICHAEL McNABB, *Correction Officer*,
MICHAEL KURZDORFER, *Correction Officer*,
THOMAS LIEBER, THOMAS GIANCOLA,
PAUL NERVINA, CHRISTOPHER PODOLAK,
MELVIN STEVENS, THOMAS MANNIX,
MICHAEL CRAIG, ANTHONY LEE,
GEORGE GRAY, ROBERT COLOMBO,
JAMES O'CONNOR, THOMAS GABLER,
JAMES TRASK, EDWARD IRVIN, GEORGE
VITARIUS, ANDREW BARCLAY, JAMES
ROBERTS, and JAMES STEINHILBER,

                Defendants.

## I.    INTRODUCTION

In this action, Plaintiff Daniel Jones alleges that Defendants punished him without due process and subjected him to constitutionally unreasonable confinement conditions when they took him by prisoner transport from the Collins Correctional Facility, where he had completed his criminal sentence, to the Central New York Psychiatric Center, where he was to be held in civil confinement under New York Mental Hygiene Law §§ 10.01 et

seq. (providing for civil confinement of recidivistic sex offenders). Now pending is Defendants' motion for partial dismissal of the amended complaint for failure to state a claim upon which relief can be granted, under Rule 12 (b)(6) of the Federal Rules of Civil Procedure. (Docket No. 54.) For the reasons set forth below, the motion is granted in part and denied in part.

## II.     BACKGROUND

### A.     Procedural History

Plaintiff instituted this action with the filing of a complaint on September 28, 2020. (Docket No. 1.) After screening the complaint under 28 U.S.C. §§ 1915 (e)(2)(B) and 1915A (a), this Court granted Plaintiff leave to file an amended complaint, which he did on February 24, 2021. (Docket Nos. 6, 10.) This Court thereafter dismissed Plaintiff's amended complaint for failure to state a claim upon which relief can be granted and entered judgment in Defendants' favor. (Docket Nos. 11, 12.) Plaintiff appealed. (Docket No. 13.)

On December 9, 2022, the United States Court of Appeals for the Second Circuit dismissed Plaintiff's appeal as it related to his equal protection claims, due process claims concerning his destroyed and lost property, and standalone inadequate medical care and excessive handcuffing claims, finding that this Court correctly dismissed those claims. But it vacated the judgment as to Plaintiff's claims that his transport amounted to a punishment without due process and that his confinement conditions during the transport were constitutionally unreasonable, finding that those claims were sufficiently pleaded. The Second Circuit lodged its Mandate on January 18, 2022. (Docket No. 15.)

After an extended period was required to accomplish proper service of the amended complaint, Defendants filed the instant motion for partial dismissal on April 17, 2023. (Docket No. 54.) Plaintiff filed a memorandum in opposition to the motion on May 22, 2023. (Docket No. 59.) This Court took the motion under advisement without oral argument on June 29, 2023, at the conclusion of the briefing schedule.

**B.   Facts**[1]

In November 2017, a judge of the New York State Supreme Court, County of Erie, determined that Plaintiff is a "dangerous sex offender requiring confinement" within the meaning of § 10.03 (e) of the New York Mental Hygiene Law.[2] Amended Complaint, Docket No. 10, ¶ 25. It was therefore ordered that Plaintiff be transported from the custody of the New York Department of Corrections and Community Supervision ("DOCCS") to the custody of the Office of Mental Health ("OMH"), more particularly, from the Collins Correctional Facility to the Central New York Psychiatric Center. Id. ¶¶ 25, 26, 29, 31.

Upon receipt of the order requiring Plaintiff's transfer, Defendant James Thompson, Superintendent of the Collins Correctional Facility, contacted Defendant Anthony Annucci, Commissioner of DOCCS, for authorization to transfer Plaintiff to OMH's custody. Id. ¶¶ 7, 17, 29. Commissioner Annucci "directed that Plaintiff be transported across the State of New York for six days, using the existing DOCCS prisoner

---

[1] This Court assumes the truth of the factual allegations contained in the amended complaint. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed. 2d 338 (1976); see also Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll., 128 F.3d 59, 63 (2d Cir. 1997).

[2] Section 10.03 (e) of the New York Mental Hygiene Law defines "dangerous sex offender requiring confinement" as "a person who is a detained sex offender suffering from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility."

3

transport system," and he directed Defendant Annie McGrath, Deputy Commissioner of DOCCS, and Defendant Joseph Franchini, Assistant Commissioner of DOCCS, to process Superintendent Thompson's request to transfer Plaintiff to OMH's custody. Id. ¶¶ 4, 5, 29, 74. Defendant Thomas Lieber[3], the coordinator of inmate movement in 2017, then "commenced the process of preparation of Plaintiff's transfer to OMH," presumably at Deputy Commissioner McGrath's and Assistant Commissioner Franchini's instruction. Id. ¶¶ 6, 30.

At some point between November 21 and 30, 2017, Commissioner Annucci's office notified Superintendent Thompson that Plaintiff was approved for transfer to OMH's custody at the Central New York Psychiatric Center, in Marcy, New York. Id. ¶ 31. Superintendent Thompson then directed his staff to "commence the transfer papers of Plaintiff to be transported to Central New York Psychiatric Center via several state facilities." Id. ¶ 32.

The details of Plaintiff's transfer to OMH's custody, which occurred between December 1 and 6, 2017, are not at issue in the present motion. But in short, Plaintiff alleges that he was transferred from the Collins Correctional Facility to the Central New York Psychiatric Center over the course of six days via multiple state correctional facilities. Id. ¶ 32. Along the way, Plaintiff's property was destroyed; he was tightly handcuffed and shackled to other prisoners, including while in holding pens, while using the bathroom, and while on prison transports; he was not allowed to speak on the prison transports; and he was denied pain medication, adequate meals, showers, changes of

---

[3] Defendants identified Defendant Lieber as the "John and/or Jane Doe, Movement and Control Officer" referenced in paragraphs 6, 30, and 102 of the amended complaint, pursuant to this Court's Valentin Order. See Docket No. 36, ¶¶ 19-21.

clothes, exercise time, and phone privileges. Id. ¶¶ 33-35, 37-39, 41-43, 45, 47, 48, 50, 51-54.

### III. DISCUSSION

As noted above, two claims remain after Plaintiff's appeal to the Court of Appeals. First, that Plaintiff's transfer via prison transport amounted to punishment without due process. Second, that Plaintiff's conditions of confinement during the transport were constitutionally unreasonable. Both claims fall under the Fourteenth Amendment. Plaintiff's equal protection claims, due process claims as to his destroyed and lost property, and standalone inadequate medical care and excessive handcuffing claims have been dismissed and are no longer at issue.

Defendants move for partial dismissal of the amended complaint. Defendants P. Zaccagnino and Cate request to be terminated from this matter because the allegations against them relate only to Plaintiff's property claims, the dismissal of which was affirmed on appeal. Defendants Annucci, McGrath, Franchini, Liebler, and Thompson request dismissal for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12 (b)(6). Plaintiff opposes the motion.

**A.     Defendants P. Zaccagnino and Cate must be terminated as defendants because the claims against them have been properly dismissed.**

Plaintiff alleges that Defendant P. Zaccagnino, Deputy Superintendent of the Collins Correctional Facility, and Defendant Cate, a corrections officer at the Ulster Correctional Facility, unlawfully deprived him of his property. See Amended Complaint, ¶¶ 9, 16, 112, 114, 170, 186. This Court previously dismissed Plaintiff's due process claims as they related to his lost and destroyed property, and the Second Circuit affirmed that dismissal on appeal. Since neither Defendant P. Zaccagnino nor Defendant Cate

5

are alleged to have been involved in the claims that remain, their request for termination as defendants in this action is granted.

B.     **Plaintiff's claims premised solely on the violation of DOCCS's rules and regulations must be dismissed for failure to state a claim upon which relief can be granted.**

Rule 12 (b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). Federal pleading standards are generally not stringent: Rule 8 requires only a short and plain statement of a claim. Fed. R. Civ. P. 8 (a)(2). But the plain statement must "possess enough heft to show that the pleader is entitled to relief." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Although Rule 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 555). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" also will not do. Twombly, 550 U.S. at 555; Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570); id. at 679 ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). Facial plausibility exists when the facts alleged allow for a reasonable inference that the defendant is liable for the

6

misconduct charged.  Iqbal, 556 U.S. at 678.  Plausibility requires finding "more than a sheer possibility that a defendant has acted unlawfully," id., but it is not a probability requirement, Twombly, 550 U.S. at 570.  The well-pleaded allegations in the complaint need only nudge the claim "across the line from conceivable to plausible."  Id.

When determining whether a complaint states a claim, the court must construe it liberally, accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor.  See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007).  Legal conclusions, however, are not afforded the same presumption of truthfulness.  See Iqbal, 556 U.S. at 678 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Id. at 662; id. at 686 ("[T]he Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context.").

A two-pronged approach is thus used to examine the sufficiency of a complaint.  This examination is context specific and requires the court to draw on its judicial experience and common sense.  See Iqbal, 556 U.S. at 679.  First, statements that are not entitled to the presumption of truth, such as conclusory allegations, labels, and factually unsupported legal conclusions, are identified and stripped away.  See id.  Second, well-pleaded, non-conclusory factual allegations are presumed true and examined to determine whether they "plausibly give rise to an entitlement to relief."  Id.  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint fails to state a claim.  Id.

The amended complaint here must also be viewed with special solicitude. Cognizant of the distinct disadvantage that pro se litigants face, federal courts routinely read their submissions liberally and interpret them to raise the strongest arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Since Plaintiff is proceeding pro se, his amended complaint and arguments are considered accordingly.

To properly plead a cause of action under 42 U.S.C. § 1983, a plaintiff's complaint must allege that the challenged conduct "(1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States."  Whalen v. Cnty. of Fulton, 126 F.3d 400, 405 (2d Cir. 1997); Hubbard v. J.C. Penney Dep't Store, 05-CV-6042, 2005 WL 1490304, at *1 (W.D.N.Y. June 14, 2005).

Here, the Court of Appeals determined, *inter alia*, that Plaintiff sufficiently pleads a § 1983 claim that his transfer by prison transport amounted to a punishment without due process of law, in violation of the Fourteenth Amendment.  Yet a portion of Plaintiff's amended complaint also alleges that the transport was unconstitutional because Defendants violated DOCCS's rules and regulations, which Plaintiff alleges should have dictated a private or individual transfer.  See, e.g., Amended Complaint, ¶¶ 74, 96, 98, 100, 104.  But as Defendants correctly argue, any such claim must be dismissed, because the violation of state rules or regulations does not present a cognizable constitutional claim.  See Holcomb v. Lykens, 337 F.3d 217, 224 (2d Cir. 2003) (explaining that "state statutes do not create federally protected due process entitlements to specific state-mandated procedures"); Wiley v. Caringi, 9:23-CV-0575 (GTS/ATB), 2023 WL 6599122,

8

at *5 (N.D.N.Y. Oct. 10, 2023) (finding that a violation of a state law or regulation, by itself, does not give rise to liability under 42 U.S.C. § 1983); Fonck v. Allen, No. 3:19-cv-1665 (KAD), 2019 WL 5597739, at *3 (D. Conn. Oct. 30, 2019) ("The failure to follow prison directives or procedures is not a constitutional violation."). Defendants' motion to dismiss any constitutional claim premised solely on the violation of a state rule or regulation is therefore granted.[4]

**C.   Defendants' request to dismiss the claims against Defendants Annucci, McGrath, and Franchini for lack of personal involvement in the alleged constitutional deprivations must be granted in part and denied in part.**

Defendants Annucci, McGrath, and Franchini maintain that Plaintiff fails to sufficiently allege their personal involvement in any of the alleged constitutional violations. They view the amended complaint as alleging only that they failed to supervise others, not that they themselves intentionally participated in the alleged constitutional violations. Plaintiff counters that the allegations of personal involvement are sufficient at this stage. Reading Plaintiff's amended complaint liberally and expansively, as required, see ATSI Commc'ns, 493 F.3d at 98, this Court finds that Defendants' request should be granted in part and denied in part.

Personal involvement in the deprivation of a federal constitutional right is the *sine qua non* of liability under § 1983. See Haygood v. City of New York, 64 F. Supp. 2d 275, 280 (S.D.N.Y. 1999). It is well settled in this circuit that personal involvement by defendants in cases alleging constitutional deprivations is a prerequisite to an award of damages under § 1983. See McKinnon v. Patterson, 568 F.2d 930, 934 (2d Cir. 1977);

---

[4] Plaintiff concedes that violations of state rules and regulations cannot form the basis of a § 1983 claim. See Memorandum of Law, Docket No. 59, p. 6 ("There is no question that a violation of a state law or regulation, in and of itself, does not give rise to liability under section 1983.")

Richardson v. Coughlin, 101 F. Supp. 2d 127, 129 (W.D.N.Y. 2000); Pritchett v. Artuz, No. 99 Civ. 3957 (SAS), 2000 WL 4157, at *5 (S.D.N.Y. Jan. 3, 2000).

The Second Circuit construes personal involvement in this context to mean "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996); see also Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). Personal involvement need not be active participation. It can be found "when an official has actual or constructive notice of unconstitutional practices and demonstrates gross negligence or deliberate indifference by failing to act." See Meriwether v. Coughlin, 879 F.2d 1037, 1048 (2d Cir. 1989).

The Court of Appeals found that Plaintiff sufficiently alleges that his transfer by prison transport amounted to a punishment without due process of law and that his confinement conditions during the transport were constitutionally unreasonable. In support of the moving defendants' personal involvement, Plaintiff alleges that Commissioner Annucci "directed that Plaintiff be transported across the State of New York for six days, using the existing DOCCS prisoner transport system . . . ." Amended Complaint, ¶ 74. He further asserts that Annucci directed such transport knowing that alternate methods of transport were available, and that Plaintiff was no longer a criminal inmate, "solely to punish Plaintiff, a sex offender, civilly committed under Article 10 of MHL." Id. ¶¶ 76, 78, 82. Plaintiff similarly alleges that Deputy Commissioner McGrath and Assistant Commissioner Franchini intentionally eschewed other forms of transportation and encouraged and caused him to be moved by prison transport over six days, despite knowing that he was not a criminal inmate, in order to punish him for being

10

a sex offender.  Id. ¶¶ 94, 98, 100.

In this Court's view, these allegations sufficiently allege the moving defendants' personal involvement in the decision to transfer Plaintiff to the Central New York Psychiatric Center by prison transport.  They further sufficiently allege that the moving defendants intentionally employed transfer by prison transport specifically to punish Plaintiff for being a sex offender.  Thus, Plaintiff adequately alleges the moving defendants' personal involvement in his claim that his transfer by prison transport amounted to a punishment without due process, in violation of the Fourteenth Amendment.  The moving defendants' motion to dismiss for lack of personal involvement in this claim is therefore denied.

Plaintiff does now, however, sufficiently allege the moving defendants' personal involvement in the allegedly unconstitutional conditions of confinement experienced during his transport.  Plaintiff does not allege the moving defendants' direct participation in those conditions, and his allegations that the moving defendants knew or should have known that he would suffer unconstitutional conditions, and that those conditions occurred as the result of gross negligence or policy, are entirely conclusory and unsupported by any factual allegations.  Id. ¶¶ 84, 86, 98.  The moving defendants' motion to dismiss this claim as to them for lack of personal involvement is therefore granted.

## IV.     CONCLUSION

For the reasons stated above, this Court finds that Defendants' motion to dismiss must be granted in part and denied in part.  Defendants P. Zaccagnino and Cate are terminated as defendants because the claims against them have been properly dismissed.  Any claims premised solely on the violation of DOCCS's rules and regulations

are dismissed for failure to state a claim upon which relief can be granted. Defendants' request to dismiss the claims against Defendants Annucci, McGrath, and Franchini is granted in part and denied in part, as set forth above. Defendants will be directed to answer the amended complaint.

## V.    ORDERS

IT HEREBY IS ORDERED, that Defendants' motion for partial dismissal of the amended complaint (Docket No. 54) is GRANTED in part and DENIED in part, consistent with the foregoing decision.

FURTHER, that the Clerk of Court is directed to TERMINATE Defendant P. Zaccagnino and Defendant Cate as defendants in this action.

FURTHER, that any constitutional claims premised solely on the violation of DOCCS's rules and regulations are DISMISSED.

FURTHER, that Plaintiff's claim that his conditions of confinement during the transport were constitutionally unreasonable is DISMISSED as to Defendants Annucci, McGrath, and Franchini.

FURTHER, that Defendants must answer the amended complaint within 14 days of the entry date of this decision.

SO ORDERED.


Dated:      November 26, 2024
            Buffalo, New York


                                                            s/William M. Skretny
                                                            WILLIAM M. SKRETNY
                                                            United States District Judge